UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALAN DWIGHT EDWARDS,<br><br>      Plaintiff,<br><br>v.<br><br>NEVADA GOLD MINES, LLC,<br><br>      Defendant. | Case No. 3:25-cv-00304-CLB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 6] |

  This case involves an employment discrimination action filed by *pro se* Plaintiff Alan Dwight Edwards ("Edwards") against his former employer, Defendant Nevada Gold Mines, LLC ("NGM"). Currently pending before the Court is NGM's motion to dismiss Edwards' complaint. (ECF No. 6.) No response was filed. For the reasons discussed below, the motion to dismiss, (ECF No. 6), is granted, in part, and denied as moot, in part.

  On June 17, 2025, this action was removed from the Fourth Judicial District Court in Elko, Nevada to the United State District Court for the District of Nevada. (ECF No. 1.) In his complaint, Edwards asserts claims for (1) constructive discharge; (2) wrongful coerced resignation in violation of public policy; (3) negligent infliction of emotional distress; (4) breach of the implied covenant of good faith and fair dealing; (5) age discrimination under NRS 613.330 and the Age Discrimination in Employment Act ("ADEA"). (ECF No. 1-2.)

  On June 24, 2025, NGM filed the instant motion to dismiss the following claims with prejudice: (1) constructive discharge; (2) wrongful coerced resignation in violation of public policy; (3) negligent infliction of emotional distress; (4) breach of the implied

---

[1] The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 18.)

covenant of good faith and fair dealing. (ECF No. 6.) The motion also sought dismissal of the following claims without prejudice: (1) age discrimination under NRS 613.330 and the ADEA. (*Id.*)

On June 25, 2025, the Court gave Edwards notice of NGM's motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998). (ECF No. 7.) This order explicitly stated:

> If the party or parties which filed the motion (hereinafter, the "moving party") have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the party or parties against whom that motion is filed (hereinafter, the "non−moving party") must file points and authorities in opposition to that motion within 14 days after service of the motion. Local Rule 7−2(b). **The failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Local Rule 7−2(d). The court may then grant the motion and dismiss the non−moving party's claims.** If the non−moving party does not agree that its claims should be dismissed, it must file and serve points and authorities in opposition within 14 days from the date the moving party served the non−moving party with the motion.

(*Id.* at 2 (emphasis added).) Thus, any response to the motion was due by July 9, 2025.

On August 11, 2025, the parties stipulated to dismiss Edwards' age discrimination claim under the ADEA without prejudice, as Edwards had not exhausted his administrative remedies. (ECF No. 17.) The same day, the Court granted the stipulation and dismissed the ADEA claim without prejudice. (ECF No. 21.)

To date, Edwards has not opposed or otherwise responded to the motion to dismiss. Additionally, he has not requested an extension of time to do so.

The Court explicitly cautioned Edwards that his failure to file points and authorities in response to the motion to dismiss would constitutes a consent to the granting of the motion pursuant to Local Rule 7-2(d). The Court applies this Local Rule and construes the failure to file a response as consent to granting the motion.

Accordingly, **IT IS ORDERED** that NGM's motion to dismiss, (ECF No. 6), is **GRANTED** as follows:

The following claims are **DISMISSED WITH PREJUDICE**:

(1) constructive discharge;

(2) wrongful coerced resignation in violation of public policy;

(3) negligent infliction of emotional distress; and,

(4) breach of the implied covenant of good faith and fair dealing.

The following claim is **DISMISSED WITHOUT PREJUDICE**:

(1) age discrimination under NRS 613.330.

**IT IS FURTHER ORDERED** that NGM's motion to dismiss, (ECF No. 6), is **DENIED as moot** with respect to the age discrimination claim under the ADEA.

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATE:** August 18, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**